UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MATTHEW ORSO AS SUCCESSOR
TRUSTEE TO KENNETH D. BELL IN
HIS CAPACITY AS COURT-
APPOINTED RECEIVER FOR REX
VENTURE GROUP, LLC,

    Plaintiff,

v.                                                                                  Case No: 5:21-mc-8-JSM-PRL

HOLLI ROVENGER,

    Defendant.

_____

**REPORT AND RECOMMENDATION**[1]

This matter is before the court on the motion of Plaintiff, Nationwide Judgment Recovery Inc. as assignee of Matthew Orso, as successor trustee to Kenneth D. Bell in his capacity as court-appointed receiver for Rex Venture Group, LLC, for final judgment in garnishment as to Garnishee Wells Fargo Bank N.A. (Doc. 17). For the reasons explained below, I recommend that the motion be granted.

**I. BACKGROUND**

On August 14, 2017, the United States District Court for the Western District of North Carolina entered a Final Judgment in favor of the plaintiff against each individual member of

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

a Defendant class, including Holli Rovenger. (Doc. 1). On April 19, 2021, the judgment was registered with this Court. (Doc. 1). Plaintiff moved for a writ of garnishment to satisfy the outstanding judgment, and believed that Wells Fargo Bank N.A. has in its possession and control certain monies or property belonging to the defendant sufficient to satisfy the judgment in whole or in part.

On June 14, 2021, the writ of garnishment was issued to Wells Fargo Bank N.A. On July 19, 2021, Plaintiff, pursuant to Florida Statute § 77.041 gave notice of serving the writ of garnishment with a copy of the motion for writ of garnishment, the writ of garnishment and notice to Defendant. Garnishee filed its Answer to the writ, disclosing that at the time of service of the writ of garnishment, it (Wells Fargo Bank, N.A.) was indebted to Defendant in the amount of $2,208.72. (Doc. 13). On September 13, 2021, pursuant to § 77.055, counsel for Plaintiff gave notice of the Answer together with the statutorily required notice to Judgment Debtor. (Doc. 16). Defendant has not responded to the writ of garnishment or Answer.

**II.  DISCUSSION**

Florida's procedure in aid of execution governs in the instant case. See Fed. R. Civ. P. 69. Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment. Florida law requires garnishment statutes to be strictly construed. *Gigliotti Contracting North, Inc. v. Traffic Control Products of North Florida, Inc.*, 788 So.2d 1013, 1016 (Fla. 2d DCA 2001).

The Answer (Doc. 13) establishes the amount Wells Fargo Bank, N.A. held from Defendant after the writ of garnishment was served and before the Answer. Because Defendant has not moved to dissolve the writ of garnishment, Plaintiff requests entry of a

final judgment of garnishment against Wells Fargo Bank, N.A. in the amount of $2,208.72. Neither the Judgment Debtor nor any other party has responded, objected, or moved to dissolve the writ within the 20 days allowed by § 77.055. Plaintiff has met the statutory requirements for a judgment of garnishment.

### III. RECOMMENDATION

Accordingly, it is recommended that the motion for final judgment in garnishment as to Wells Fargo Bank, N.A. (Doc. 17) be GRANTED.

**DONE** and **ORDERED** in Ocala, Florida on October 28, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties