UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NATIONWIDE JUDGMENT
RECOVERY, INC.,

    Plaintiff,

v.                                                         Case No: 5:21-mc-8-JSM-PRL

TODD DISNER, TRUDY GILMOND,
TRUDY GILMOND, LLC, JERRY
NAPIER, DARREN MILLER,
RHONDA GATES, DAVID
SORRELLS, INNOVATION
MARKETING LLC, AARON
ANDREWS, SHARA ANDREWS,
GLOBAL INTERNET FORMULA,
INC., T. LEMONT SILVER,
MICHAEL VAN LEEUWEN,
DURANT BROCKETT, DAVID
KETTNER, MARY KETTNER,
P.A.W.S CAPITAL MANAGEMENT
LLC, LORI JEAN WEBER and
ZEEKREWARDS.COM,

    Defendants.

#### ORDER

This matter is before the Court on the motion of Plaintiff, Nationwide Judgment Recovery Inc., as assignee of Matthew Orso, as successor trustee to Kenneth D. Bell in his capacity as court-appointed receiver for Rex Venture Group, LLC, for issuance of a writ of garnishment as to Bank of America ("Garnishee"). (Doc. 32). On April 19, 2021, Plaintiff registered the judgment with this Court. (Doc. 1). There remains due and owing $39,443.33,

plus post-judgment interest.[1] Now, Plaintiff moves for the writ of garnishment and suggests that the Garnishee may have in its possession and control certain monies or property belonging to Defendant Rovenger sufficient to satisfy the judgment in whole or in part. Pursuant to Fed. R. Civ. P. 69, the Court must follow state law regarding garnishment procedures. *See* Fed. R. Civ. P. 69. Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment.

Accordingly, upon due consideration, Plaintiff's motion for issuance of writ of garnishment (Doc. 32) is **GRANTED**, and the Clerk is directed to issue the Writ of Garnishment (including the Notice and Claim of Exemption) attached to the motion. (Doc. 32-1). Plaintiff must fully comply with all notice requirements of § 77.041, Florida Statutes

**DONE** and **ORDERED** in Ocala, Florida on May 16, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Plaintiff represents that the writ of garnishment entered by this Court against the Garnishee (Docs. 23 & 24), was never served "due to a miscommunication with its process server" and automatically dissolved six months after its February 8, 2022, issuance, by operation of Fla. Stat. § 77.07. (Doc. 32 at ¶¶ 6–7). Thus, Plaintiff moved for this second post-judgment writ of garnishment.